UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE NOE NUNEZ MARTINEZ, | ) | CIVIL NO. 1:18-cv-1073 |
| Petitioner | ) | |
| v. | ) | (CONNER, C.J.) |
| | ) | |
| CLAIR DOLL, | ) | (ARBUCKLE, M.J.) |
| Respondent | ) | |

# REPORT AND RECOMMENDATION

**Factual History**

Nuñez Martinez is a citizen and native of Mexico who entered the United States at an unknown date at an unknown location without inspection. (Doc. 1, Pet. ¶¶ 3, 6, 18.) On August 17, 2010, he was ordered removed for being present without proper documentation or admission, and on August 18, 2010, was removed. (Doc. 1-2, Exhibit A, p. 9.)

On January 31, 2018, ICE encountered Nuñez Martinez at the offices of United States Citizenship and Immigration Services and detained him as a person present without admission who had previously been removed. (Doc. 1, Pet. ¶ 26; Doc. 1-7, Exhibit F.) That same day, ICE issued a notice to reinstate the prior order. (Doc. 1-2, Exhibits, p. 9.) Nuñez Martinez did not contest the determination. (Id.) He claimed a fear of return to Mexico due to his sexual orientation and, on February 20, 2018, the matter was referred to an Immigration Judge for determination. (Id. at 14.) On April 30, 2018, Nuñez Martinez filed his applications

for Withholding of Removal, Asylum, and Relief under the Convention Against Torture. (Doc. 1, Pet. ¶ 29; Doc. 1-9, Exhibit H.)  A hearing on the merits of his applications was held on August 15, 2018.  (Id.)  Also, on August 15, 2018, the Immigration Judge denied Nuñez Martinez's applications for relief and on August 27, 2018, he appealed to the Board of Immigration Appeals.  (ICE Automated Hotline.)  Both DHS and Nunez-Martinez's briefs are currently due Nov. 1. (Id.)

**Discussion**

Recently, the Third Circuit addressed the post-order detention statute at issue in this case.  Specifically, in Guerrero-Sanchez v. Warden, the Third Circuit invoked the canon of constitutional avoidance to find that the construction of § 1231(a)(6) entitles an alien facing prolonged detention to release on bond unless the government establishes by clear and convincing evidence that the alien poses a flight risk or danger to the community. Guerrero-Sanchez, ___ F.3d ___, 2018 WL 4608970.  Relying on the principals of Zadvydas where the Supreme Court adopted a presumption that aliens could be reasonably detained without a hearing for six months, the Court then adopted a six-month rule for aliens detained under § 1231(a)(6). Guerrero-Sanchez, ___ F.3d ___, 2018 WL 4608970 at *12-14.  Thus, the government may detain an alien subject to a reinstated order of removal in the process of withholding only proceedings whose detention has not been prolonged, or whose removal is not imminent, for six months before a bond hearing is

necessitated. Id. After the six-months' of detention, however, the government must afford the alien a bond hearing at which the government bears the burden of justifying ongoing detention by clear and convincing evidence.

In this case, Nunez-Martinez has been detained since January 2018 – which is in excess of six months – and his appeal is currently pending before the Board of Immigration Appeals such that his removal is not imminent. Thus, Nunez-Martinez's case is synonymous with the facts in Guerrero-Sanchez.

**Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the district court GRANT the petition to the extent Nuñez Martinez requests an individualized bond hearing and ORDER as follows:

1. The government shall provide an individualized bond hearing for Nuñez Martinez **by no later than October 31, 2018**, which is consistent with Judge Arbuckle's verbal order of October 10, 2018 that the hearing be held within 21 days in accordance with the dictates of the United States Court of Appeals in Guerrero-Sanchez, ___ F.3d ___, 2018 WL 4608970.

2. In the event the Government intends to hold the bond hearing before October 31, 2018, it must provide Petitioner and Petitioner's Counsel with notice of the date on which the hearing is scheduled to be held by no less than five days before the anticipated hearing date.

3. At this hearing, the Immigration Judge must make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that Nuñez Martinez attends removal proceedings and that his release will not pose a danger to the community. At this hearing, the Government bears the burden of presenting clear and convincing evidence and proving that continued detention is necessary.

# NOTICE OF RIGHT TO OBJECT
[LOCAL RULE 72.3]

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object to a magistrate judge's proposed findings**, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days** after being served with a copy thereof. Such **party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections** which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

The parties consent to waive their right to object to this Report and Recommendation. **No later than 5 days after the Immigration Court's Custody hearing,** the parties shall notify this Court whether that hearing complied with this order.

Date: October 12, 2018                         BY THE COURT

                                                            *s/William I. Arbuckle*
                                                            William I. Arbuckle
                                                            U. S. Magistrate Judge