# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE NOE NUNEZ MARTINEZ,** | : | CIVIL ACTION NO. 1:18-CV-1073 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **CLAIR DOLL,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 15th day of October, 2018, upon consideration of the petition (Doc. 1) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Jose Noe Nuñez Martinez ("Nuñez Martinez"), a detainee currently held in custody of Immigration and Customs Enforcement, alleging that he has been detained for an unreasonably long period of time and requesting immediate release on bond or a bond hearing, and further upon consideration of the report (Doc. 22) of Magistrate Judge William I. Arbuckle, recommending the court grant Nuñez Martinez's petition in view of the Third Circuit Court of Appeals' recent decision in Guerrero-Sanchez v. Warden, __ F.3d __, 2018 WL 4608970 (3d Cir. Sept. 26, 2018), and it appearing that no party has objected to the report, see FED. R. CIV. P. 72(b)(2), and that the government has expressly waived the opportunity to do so, (Doc. 23), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court

should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b) advisory committee notes, and, following an independent review of the record, the court in agreement with Judge Arbuckle's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The report (Doc. 22) of Magistrate Judge Arbuckle is ADOPTED.

2. Nuñez Martinez's petition (Doc. 1) for writ of habeas corpus is GRANTED insofar as Nuñez Martinez requests an individualized bond hearing.

3. The government shall provide an individualized bond hearing to Nuñez Martinez **by no later than October 31, 2018**, which is consistent with Judge Arbuckle's verbal order of October 10, 2018, that the hearing be held within 21 days in accordance with the dictates of the Third Circuit Court of Appeals as set forth in Guerrero-Sanchez.

4. In the event the government intends to hold the bond hearing before October 31, 2018, the government must provide Nuñez Martinez and his counsel with notice of the date on which the hearing is scheduled to be held no less than five days before the anticipated hearing date.

5. At the bond hearing, the Immigration Judge must make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that Nuñez Martinez attends removal proceedings and that his release will not pose danger to the community. At the hearing, the government bears the burden of presenting clear and convincing evidence and proving that continued detention is necessary.

6. The parties shall report to the court the outcome of the individualized bond hearing within seven days after the immigration judge's decision.

7. The Clerk of Court is directed to CLOSE this case.

8. If the immigration judge fails to convene an individualized bond hearing within the deadline established by this order, the court will reopen this case and conduct its own individualized bond hearing under the standards governing bail in habeas corpus proceedings.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania